Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FELIPE TAPIA-PEREZ,<br><br>　　　　　　　Defendant. | Case No. 2:21-CR-00047-WFN<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

I.  **BACKGROUND**

The Government agrees with the Offense Conduct summary outlined in paragraphs ten through forty-one of the draft Presentence Investigation Report. *See* ECF No. 72 at ¶¶ 10–41. The Defendant, an alien unlawfully within the United States, obtained two stolen pistols. On February 27, 2021, the Defendant and the mother of the Defendant's children became engaged in a domestic dispute in the Defendant's vehicle. The Defendant was holding one of the stolen firearms. During the argument, the Defendant was waving the handgun around and the firearm went off. The bullet went past the Defendant's partner and struck the Defendant's four-year-old child, who

GOVERNMENT'S SENTENCING MEMORANDUM - 1

had been standing outside the front passenger side window, in the forehead. While driving the child and his partner to the hospital, the Defendant told his partner to lie about the incident – which she did on two occasions before telling law enforcement the truth during a third interview.

The Defendant was prohibited from possessing the firearms due to the Defendant's lack of immigration status. Further, although uncharged, the Defendant was the respondent to a domestic violence no-contact order with his partner – an entirely independent reason prohibiting the Defendant's firearm possession. The Defendant also had reasonable cause to believe the firearms were stolen.

## II. SENTENCING CALCULATIONS

The Government agrees with the sentencing guideline calculations in the draft Presentence Investigation Report. However, absent the stipulations in the Plea Agreement, the Government's position is that a base offense level of 38 would have been appropriate given the cross-reference to murder in the second degree. *See* U.S.S.G. §§ 2K2.1(c)(1)(B); 2A1.2. The Government's cross-reference murder theory was premised upon the Defendant acting with a "depraved-heart," *i.e.*, where (1) a defendant's conduct created a very high degree of risk of injury to other persons, (2) the defendant was aware of that risk, and (3) the defendant does not have a justifiable reason for taking that risk. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1038 (9th Cir. 2010). Here – where the Defendant waved around a loaded firearm during a domestic dispute in a location where the four-year-old was standing right behind the Defendant's partner out the window – the Government was prepared to argue that the Defendant's conduct was "sufficiently grievous enough to be considered murder." *See id.* The Government and the Defendant have, however, proposed a joint recommendation to the Court removing the need for specific findings concerning a higher offense level – the Court is instead asked to apply an upward variance to impose the sentence jointly recommended by the parties.

//

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

### A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

The nature and characteristics of the Defendant's conduct warrant a sentence of 168 months imprisonment. The Defendant, unlawfully in possession of firearms, engaged in a domestic violence argument with his partner from whom he was barred from having contact due to a prior domestic violence incident. During the argument the Defendant was waving a loaded firearm around a small vehicle – the firearm went off and the Defendant's four-year-old child was killed. This case is tragic and blame ultimately rests with the Defendant. The Defendant has however taken responsibility for his conduct both before this Court and the Adams County, Washington, Superior Court. The Government accordingly requests that the Court accept the Rule 11(c)(1)(C) Plea Agreement and sentence the Defendant to 168 months imprisonment, concurrent with the Defendant's 86-month sentence for manslaughter in the first degree under Adams County, Washington, Superior Court Case No. 22-1-00156-01. Nothing can change what happened – the Defendant will have to live with the consequences of killing his son forever. But, given the various relevant factors, a 168-month sentence is sufficient, but not greater than necessary, to further the purposes of sentencing.

The Government also asks the Court to impose a three year term of supervised release. The Defendant will likely be removed from the United States following his sentence; however, should the Defendant consider unlawfully returning to the United States, a term of supervised release will deter that action given the consequences that follow violating supervised release.

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 3

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant to 168 months imprisonment. Considering the nature of the offense and the Defendant's history, a 168-month sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment.

C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a 168-month sentence followed by a three year term of supervised release will deter future criminal actions by the Defendant.

D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, the Defendant – through his unlawful firearm possession and domestic violence – represents a danger to the public. A 168-month sentence thus protects the public by removing the Defendant from the community for a substantial period of time.

E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant may be able to take advantage of any services and training offered by the Bureau of Prisons.

F. <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to twenty years in prison, a fine of up to $250,000, and three years of supervised release.

G. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a sentence much lower than that jointly recommended by the Government and the Defendant. However, as discussed above, the Government would have recommended the application of a far higher guideline

range should the parties have been unable to propose a joint resolution. The 168-month recommended sentence represents a middle ground between the parties, sparing both the Government and the Defendant from the litigation risks that would accompany a contested sentencing hearing.

H. <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

I. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A 168-month sentence may be disparate from sentences imposed concerning other unlawful aliens convicted of possessing stolen firearms. However, the recommended 168-month sentence is premised on the consequences following the Defendant's actions – the death of the Defendant's four-year-old son. When considering the consequences of the Defendant's actions, a 168-month sentence for conduct which took the life of a young child is reasonable.

J. <u>The need to provide restitution to any victims of the offense</u>

There is no anticipated restitution – restitution was ordered as part of the Defendant's Adams County Superior Court sentence.

IV. **GOVERNMENT'S SENTENCING RECOMMENDATION**

As discussed above, the Government recommends that the Court impose a 168-month sentence followed by a three year term of supervised release with the conditions outlined in the draft Presentence Investigation Report. *See* ECF No. 72 at 24–30. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated: March 15, 2023.

Vanessa R. Waldref
United States Attorney

<u>s/Michael J. Ellis</u>
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 5

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Amy H. Rubin

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 6